IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| JOSEPH L. GARZA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:08-cv-00026-RP-CFB |
| | ) | |
| vs. | ) | |
| | ) | |
| SCOTT COUNTY, SCOTT COUNTY | ) | |
| SHERIFF'S  DEPARTMENT, SCOTT | ) | |
| COUNTY SHERIFF DENNIS | ) | |
| CONARD, in his official and individual | ) | |
| capacities, UNKNOWN | ) | |
| CORRECTIONAL OFFICERS, | ) | |
| COUNTY HEALTH DEPARTMENT, | ) | |
| DR. SCOTT C. LUDWIG, and | ) | |
| UNKNOWN MEDICAL STAFF, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND**
_____

COMES NOW Plaintiff, Joseph L. Garza, by and through his attorney Kevin L. Halligan of Bush, Motto, Creen, Koury & Halligan, P.L.C., and for his Complaint against the Defendants sets forth the following:

## <u>JURISDICTION</u>

1. This is a civil action, seeking compensatory damages and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. §1983, the United States Constitution and the common law.

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.     Venue is properly placed in the Southern District of Iowa in that the acts

complained of herein occurred within this District.

## JURY TRIAL DEMAND

5.     Plaintiff, Joseph L. Garza ("Garza" hereinafter) hereby demands a trial by jury

of all issues in this action that are so triable.

## PARTIES

6.     At all times material hereto, Plaintiff Garza resided at 223 - 16th Street, Silvis,

Rock Island County, Illinois.

7.     At all times relevant hereto, Defendants Scott County and Scott County

Sheriff's Department owned, operated and maintained the Scott County Jail,

which is a jail located at 416 W. 4th Street, Davenport, Scott County, Iowa.

8.     At all times material hereto, Defendant Scott County Sheriff Dennis Conard,

in his official capacity and individual capacities, was the Sheriff of Scott

County and as such was in charge of the Scott County Jail and its personnel,

including setting policy for the Scott County Jail and training, supervising and

disciplining Correctional Officers and Medical Staff.

9.     At all times material hereto, Defendant Scott County Health Department which

is located at 600 W. 4th Street, Davenport, Scott County, Iowa owned and

operated Scott County Correctional Department Health Services, which

2

provides medical services to the inmates housed at the Scott County Jail.

10.     At all times relevant hereto, Defendants Unknown Correctional Officers were natural persons, employed as correction officers by the Scott County Sheriff's Department.

11.     At all times material hereto, Defendant Dr. Scott Ludwig was contracted by the Defendant Scott County Health Department through the Scott County Correctional Department Health Services to provide medical services to the inmates of the Scott County jail.

12.     At all times material hereto, Defendants Unknown Medical Staff were natural persons, employed as nurses by the Scott County Health Department through the Scott County Correctional Department Health Services to provide medical services to the inmates of the Scott County Jail.

## COMMON ALLEGATIONS

13.     On or about May 16, 2006, Garza was incarcerated at the Scott County Jail on a misdemeanor charge of simple assault and remained until on or about September 7, 2006.

14.     On or about that date he was placed in Cell Block 2L2 with another inmate by the name of John Heberer ("Heberer" hereafter), who was infected with a "staff infection" known  as Methicillin Resistant Staphylococcus Aureus or "MRSA".

3

15.   Each day Garza and Heberer were in that 8' x 12' cell together from 7:00 a.m. to 10:30 p.m.

16.   After Garza was placed in the cell with Heberer other inmates said to him "you have to get moved" and "you better watch it."

17.   MRSA is a bacteria which can infect any part of the body, cannot be killed by many different kinds of antibiotic medicines, and is very contagious.

18.   Heberer had open sores on his chest and back and admitted to Garza that he had a staff infection and was contagious.

19.   At the time Garza was placed in the cell with Heberer, he had open wounds which were healing on his left hand, right arm, forehead and lip.

20.   Garza asked Unknown Correctional Officers, Unknown Medical Staff and Dr. Ludwig on a number of occasions if it was safe for him to remain in the same cell with Heberer.

21.   Garza requested Unknown Correctional Officers, Unknown Medical Staff and Dr. Ludwig to move him from Heberer's cell on a number of occasions.

22.   The only treatment or protection Garza was given in response to his requests was Triple Antibiotic ointment which does nothing to prevent or treat MRSA.

23.   Dr. Ludwig saw Garza one time during his four (4) month stay and that was on May 24, 2006 to remove some stitches from Garza's left hand.

24.   After being housed with Heberer for approximately two (2) months, Garza's

4

right elbow and arm became infected with MRSA.

## COUNT I

### 42 U.S.C. §1983 - DELIBERATE INDIFFERENCE

### SCOTT COUNTY HEALTH DEPARTMENT, DR. SCOTT C. LUDWIG AND UNKNOWN MEDICAL STAFF

25.   Garza repleads and realleges the allegations of paragraphs 1 through 26 as if fully set forth herein.

26.   Defendant Scott County Health Department owned and/or operated the Scott County Correctional Department Health Services program that was responsible for providing medical care to inmates at the Scott County Jail.

27.   Defendants Dr. Scott C. Ludwig and Unknown Medical Staff were employed by or contracted with the Scott County Health Department through the Scott County Correctional Department Health Services program to provide medical, physician and nursing services to the inmates at the Scott County Jail.

28.   Despite repeated questions about his health and requests to be moved Garza was kept in the same 8' x 12' cell with Heberer for approximately two (2) months.

29.   In place was a state statute requiring inmates suspected of having a contagious or communicable disease to be separated from other inmates and its own policy of placing inmates with contagious or communicable diseases in separate cells.

5

30.     During this time Heberer would go without a shirt which exposed open
        wounds to his chest and back, would spit snot on the walls of the cell, drink
        out of Garza's drinking cups, and share food.

31.     Heberer himself admitted he was contagious and should be moved.

32.     Defendants failure to recommend either Garza or Heberer be moved or move
        either under the circumstances set forth constituted "deliberate indifference"
        to Garza's "serious medical needs."

33.     The aforementioned "deliberate indifference" to Garza's "serious medical
        needs" and constitutes a violation of the due process of law guaranteed to
        Garza by the Fourteenth Amendment and considered "cruel and unusual
        punishment" in violation of the 8th Amendment to the Constitution of the
        United States.

34.     As a proximate result of the aforementioned denial of due process to Garza,
        he has been seriously and permanently injured, is in need of continuing
        medical treatment, and continues to suffer from the aforementioned serious,
        permanent, disabling and disfiguring injuries.

35.     By reason of the unconstitutional and illegal deliberate indifference to Garza's
        medical needs, constituting a denial of due process, shown to him by
        Defendants Scott County Health Department, Dr. Scott C. Ludwig and
        Unknown Medical Staff, Garza has been damaged in an amount, exclusive of

interest and costs, which exceeds the sum specified by 28 U.S.C. § 1332 and demands an additional sum for punitive damages.

WHEREFORE, Plaintiff, Joseph L. Garza, respectfully requests that this Honorable Court enter judgment against Defendants Scott County Health Department, Dr. Scott C. Ludwig and Unknown Medical Staff in an amount in excess of the jurisdictional limit established in 28 U.S.C. § 1332, and punitive damages, plus costs and interest, plus attorney's fees pursuant to 42 U.S.C. § 1988 and for any further relief that this Court deems just and equitable.

## COUNT II

### 42 U.S.C. §1983 - DELIBERATE INDIFFERENCE

### SCOTT COUNTY, SCOTT COUNTY SHERIFF'S DEPARTMENT AND SCOTT COUNTY SHERIFF DENNIS CONARD

36.   Garza repleads and realleges the allegations of paragraphs 1 through 35 as if fully set forth herein.

37.   Defendants Scott County and Scott County Sheriff's Department owned, operated and maintained the Scott County Jail and Defendant Scott County Sheriff Dennis Conard, in his official and individual capacities was in charge of the Scott County Jail and the personnel who operated it, including setting medical policies and practices for the Scott County Jail and training, supervising and disciplining Correctional Officers and Medical Staff.

38.   Defendants failure to move either Garza or Heberer under the circumstances

7

set forth constituted "deliberate indifference" to Garza's "serious medical needs."

39.   Defendants' failed to have in place any specific written policy or other practice or procedure for dealing with or addressing MRSA at the Scott County Jail.

40.   The aforementioned "deliberate indifference" to Garza's "serious medical needs" constitutes a violation of the due process of law guaranteed to Garza by the Fourteenth Amendment to the Constitution of the United States and considered "cruel and unusual punishment" in violation of the 8th Amendment.

41.   The misconduct described in Count II was undertaken under the policy and practice of Scott County, Scott County Sheriff's Department and Scott County Sheriff Dennis Conard in that:

    (a)   Scott County Sheriff's Department directly encouraged, through policy and practice, the very type of constitutional violation at issue here by failing to adequately train, supervise and control its Correctional Officers and Medical Staff such that its failure to do so manifests deliberate indifference.

    (b)   The Scott County Sheriff's Department, directly encouraged, through policy and practice, the very type of constitutional violation at issue by failing to adequately punish and discipline prior instances of Correctional Officers and Medical Staff'

8

failure to provide adequate medical attention to inmates of the Scott County Jail, thereby leading Correctional Officers and Medical Staff to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses;

(c)     Correctional Officers and Medical Staff at the Scott County Jail violate the constitutional rights of citizens by failing to provide adequate medical care in a manner similar to that alleged by Garza herein on a widespread basis, but Scott County Sheriff Dennis Conard brings about disciplinary charges in a disproportionately small number of cases;

(d)     Scott County Jail policy-makers with final policy-making authority, including but not limited to Scott County, Scott County Sheriff's Department and Scott County Sheriff Dennis Conard are aware of and by their inaction condone and encourage a "code of silence" in the Scott County Jail by which Correctional Officers and Medical Staff fail to report failures to provide inmates with adequate medical treatment, like the failures at issue in this case; and

(e)     Scott County, Scott County Sheriff's Department and Scott County Sheriff Dennis Conard have failed to take action to

9

remedy the patterns of constitutional violation described in the before-stated paragraphs, despite knowing of the same, thereby causing the types of injuries alleged herein.

42.   As a proximate result of the aforementioned policies and practices Garza was denied his due process rights under the Fourteenth Amendment to the Constitution of the United States and has been seriously and permanently injured, is in need of continuing medical treatment, and continues to suffer from the aforementioned serious, permanent, disabling and disfiguring injuries.

43.   By reason of the policy and practice of unconstitutional and illegal deliberate indifference to Garza's medical needs, constituting a denial of due process, shown to him by Defendants Scott County, Scott County Sheriff's Department, Scott County Sheriff Dennis Conard, and Unknown Correctional Officers, Garza has been damaged in the amount, exclusive of interest and costs, which exceeds the sum specified in 28 U.S.C. § 1332 and demands an additional sum in punitive damages.

WHEREFORE, Plaintiff, Joseph L. Garza, respectfully requests that this Honorable Court enter judgment against Defendants Scott County, Scott County Sheriff's Department, Scott County Sheriff Dennis Conard, and Unknown Correctional Officers in an amount in excess of the jurisdictional limit established in 28 U.S.C. § 1332 and punitive damages, plus

costs and interest, plus attorney's fees pursuant to 42 U.S.C. § 1988 and for any further relief that this Court deems just and equitable.

## COUNT III

## STATE LAW CLAIM - NEGLIGENCE

## ALL DEFENDANTS

44.     Garza repleads and realleges the allegations of paragraphs 1 through 43 as if fully set forth herein.

45.     Defendants were then and there negligent in one or more of the following respects:

(a)     Failing to move either Garza or Heberer from the cell;

(b)     Failing to provide Garza with the necessary medical treatment or care to prevent him from contracting MRSA;

(c)     Failing to make sure Heberer was non-contagious before placing Garza in a cell with him;

(d)     Failing to respond to Garza's requests that he be moved from the cell with Heberer; and,

(e)     Failing to abide by a state statute requiring inmates with contagious or communicable diseases to be separated from other inmates and their own policy requiring such.

46.     As a direct and proximate result of the aforementioned negligent acts or

11

omissions on the part of Defendants, Garza has been damaged in his person and property, having sustained past, present, and future medical and hospitalization costs and expenses, past, present and future pain and suffering, temporary and permanent disabilities, loss of income and loss of earning capacity, and loss of enjoyment of life, all in an amount exceeding the jurisdictional limit set forth in 28 U.S.C. § 1332.

WHEREFORE, Plaintiff, Joseph L. Garza, respectfully requests that this Honorable Court enter judgment against Defendants in an amount in excess of the jurisdictional limit established in 28 U.S.C. § 1332 and punitive damages, plus costs and interest, plus attorney's fees pursuant to 42 U.S.C. § 1988, and for any further relief that this Court deems just and equitable.

## COUNT IV

### STATE LAW CLAIM - RESPONDEAT SUPERIOR

47.     Garza repleads and realleges the allegations of paragraphs 1 through 46 as if fully set forth herein.

48.     Iowa law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

49.     The Correctional Officers and Medical Staff at all relevant times were employees of Scott County and/or the Scott County Sheriff's Department, for

12

which Scott County and/or the Scott County Sheriff's Department is responsible, and acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, Joseph Garza, respectfully requests that this Honorable Court enter judgment against Defendants in an amount in excess of the jurisdictional limit established in 28 U.S.C. § 1332 and punitive damages, plus costs and interest, plus attorney's fees pursuant to 42 U.S.C. § 1988 and for any further relief that this Court deems just and equitable.

## COUNT V

### STATE LAW CLAIM - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50.     Garza repleads and realleges the allegations of paragraphs 1 through 49 as if fully set forth herein.

51.     As described more fully in the preceding paragraphs, Defendants engaged in extreme and outrageous conduct with respect to Garza in that they refused to provide him with adequate medical attention despite his objectively serious need or failed to move him or Heberer from the cell, instead keeping the two of them in the same cell for approximately two months.

52.     The misconduct described in Count V was undertaken with intent or knowledge that there was a high probability that the conduct would inflict severe emotional distress and with reckless disregard of that probability.

13

53.   The misconduct described in Count V was undertaken with malice, willfulness and reckless indifference to the rights of Garza.

54.   As a proximate result of this misconduct, Garza suffered severe physical pain, emotional distress and anguish and continues to do so.

WHEREFORE, Plaintiff, Joseph L. Garza, respectfully requests that this Honorable Court enter judgment against Defendants in an amount in excess of the jurisdictional limit established in 28 U.S.C. § 1332 and punitive damages, plus costs and interest, plus attorney's fees pursuant to 42 U.S.C. § 1988, and for any further relief that this Court deems just and equitable.

Respectfully submitted this 11th day of June, 2010.

  /s/ Kevin L. Halligan
Kevin L. Halligan
Michael K. Bush
BUSH, MOTTO, CREEN, KOURY &
HALLIGAN, P.L.C.
5505 Victoria Avenue, Suite 100
Davenport, Iowa  52807
(563) 344-4900 - Telephone
ATTORNEYS FOR PLAINTIFF

14

Copy to:

Richard J. Trinrud
BROOKS & TRINRUD
220 Emerson Place, Suite 101
Davenport  IA  52801

Rob Cusack
Scott County Attorney's Office
416 W. 4th Street
Davenport  IA  52801

Michael J. Walton
Scott County Attorney
400 West 4th Street
Davenport IA 52801


## PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause by depositing a copy thereof in the U. S. Mail, postage prepaid, in envelopes addressed to each of the respective addresses disclosed on the pleadings on June 11, 2010.


_/s/ Kevin L. Halligan_____